**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BALWINDER SINGH, | No. 07-72849 |
| Petitioner, |  |
| v. | Agency No. A098-511-057 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 10, 2011
San Francisco, California

Before: GOODWIN and PAEZ, Circuit Judges, and O'GRADY,[**] District Judge.

Balwinder Singh ("Singh"), a native and citizen of India, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Liam O'Grady, District Judge for the U.S. District
Court for Eastern Virginia, Alexandria, sitting by designation.

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA affirms the decision of the IJ without opinion, we review the IJ's decision as the final agency determination. *Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir. 2005). We grant in part and deny in part the petition for review, and we remand.

The IJ ruled that Singh was not credible, and that he could not, therefore, establish the timeliness of his application. Federal law provides that an alien may not apply for asylum "unless the alien demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). Under Section 1158(a)(3), "[n]o court shall have jurisdiction to review any determination of the Attorney General under [Section 1158(a)(2)]." 8 U.S.C. § 1158(a)(3). This section does not, however, preclude review of "questions of law," 8 U.S.C. § 1252(a)(2)(D), including "questions involving the application of statutes . . . to undisputed facts." *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007).

Generally, an untimeliness determination is factual in nature and hence insulated from review. *See, e.g.*, *Yakovenko v. Gonzales*, 477 F.3d 631, 635 (8th Cir. 2007) ("We believe it is clear that the determination of a date of entry is a factual finding that is shielded from our review by § 1158(a)(3) . . . ."). Here,

2

however, Singh argues that in relying upon an asylum officer's notes to discredit Singh's testimony, the IJ misapplied this Court's decision in *Singh v. Gonzales*, 403 F.3d 1081 (9th Cir. 2005). This question involves the application of law to undisputed facts,[1] and we may therefore address the issue without running afoul of Section 1158's jurisdictional bar.

An IJ may consider a sworn interview statement as an impeachment source if the IJ could reasonably conclude that the statement was reliable. *Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir. 2004). Where an asylum officer's report of an interview lacks certain indicia of reliability, however, that report cannot by itself support an IJ's adverse credibility determination. *See Singh*, 403 F.3d at 1087-90 (identifying indicia of reliability and holding that asylum officer's report could not sustain adverse credibility determination). Here, the IJ made clear that she did not rely solely on the asylum officer's notes in making her adverse credibility determination; rather, she took account of Singh's demeanor, and of the internal consistency of his testimony.

---

[1] While the facts relevant to the IJ's adverse credibility determination are in dispute, the facts relevant to the determination of the notes' reliability are not. *See Singh v. Gonzales*, 403 F.3d 1081, 1087-90 (9th Cir. 2005) (identifying indicia of reliability).

3

Turning to the *Singh* factors, we agree with Singh that the asylum officer's failure to testify at the removal proceeding undermines the reliability of his notes. All of the other indicia of reliability absent in *Singh* are, however, present in this case. Singh had an interpreter present at the asylum interview, and he signed an oath document swearing to tell the truth. He had an opportunity to address the purported inconsistencies between the notes and his testimony before the IJ, and to comment upon the accuracy of the notes. Moreover, unlike the officer's report in *Singh*, the notes here are detailed and specific, including both questions asked and answers provided. The notes appear to have been made simultaneously with the interview, and the introductory portion of the notes indicate that the notes are essentially verbatim. Based upon these indicia of reliability, the IJ could reasonably conclude that the sworn statement was a reliable impeachment source. *Li*, 378 F.3d at 963.

In all other respects, the IJ's determination as to the timeliness of the application was one of fact. We lack jurisdiction to review the IJ's decision. It follows that Singh is time-barred from seeking asylum.

We next consider the IJ's decision to reject Singh's application for withholding of removal and CAT relief. The IJ's resolution of these claims turned upon her adverse credibility determination, which was based on inconsistencies in

4

Singh's testimony, and on Singh's demeanor. We must accept the IJ's credibility finding "as long as one of the identified grounds underlying the credibility finding is supported by substantial evidence and goes to the heart of [Singh's] claims." *Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010).

The IJ found that Singh's testimony was not credible because he offered inconsistent accounts of how and when he obtained a false passport, and because he was evasive when questioned on this subject. These findings do not "go to the heart" of Singh's claims for withholding of removal or CAT relief because they "reveal[] nothing about the events that caused him to fear for his safety." *Singh v. Gonzales*, 439 F.3d 1100, 1109 (9th Cir. 2006). The IJ described Singh's pertinent testimony–the testimony regarding his persecution–as largely consistent, sincere and genuine, and fairly detailed and specific. The credibility of *this* testimony is determinative as to Singh's remaining claims, not the credibility of testimony unrelated to his persecution and fear of future harm. *See, e.g.*, *Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004) (holding that "minor inconsistencies or factual omissions that do not go to the heart of the asylum claim" are "insufficient" to support an adverse credibility determination).

The IJ's denial of withholding of removal and CAT relief was based on an adverse credibility determination that does not comply with our case law. We remand for consideration of the merits of those claims in light of this disposition.

PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.

Each side to bear their own costs on appeal.